## BRANCH OF THE BANK OF THE STATE OF ALABAMA AT MOBILE v. DRURY THOMPSON.

1. Since the passage of the act of 4th February, 1843, (Acts 1843, p. 19,) no clerk is entitled to recover more than twenty-five cents for issuing an alias execution in a bank suit, although the judgment was obtained by the bank prior to that time.

Writ of Error to the County Court of Mobile.

MOTION by the Bank against Thompson, for failing to issue an *alias* execution upon a judgment obtained by it against

one Shaw and others, at the February term, 1840, and upon which, within the year, a *fi. fa.* had been issued and returned *no property.* The County Court refused the motion, and gave judgment for the defendant.

By an agreement of the parties, the record is so amended here, as to show, that a tender of twenty-five cents was made by the bank to the defendant, as clerk, for his fee for this service, which he refused to perform unless a greater sum was paid. If he is entitled to receive a larger sum, then the judgment to be affirmed, otherwise reversed.

Ad. Fox, for the plaintiff in error, cited Acts of 1843, p. 19, § 3.

J. A. Campbell, contra.

GOLDTHWAITE, J.—The statute cited by the counsel for the Bank, in its second section, directs, that *thereafter,* in all suits commenced by motion by the Bank, the notices and copies shall be prepared by the attorney; afterwards, its third section provides, that it shall not be lawful for clerks, *in such cases,* to charge other than certain enumerated fees, amongst which is one of twenty-five cents for issuing an alias execution. The County Court seems to have considered the words, *in such cases,* as referrable to suits commenced after the passage of the act; but, in our judgment, these terms connect themselves with all suits commenced by the Bank, by motion, and that the object of the enactment is to limit the fees for acts performed subsequently to the passage of the act. The consequence of this construction is, that the clerk was not entitled to receive more than the sum tendered.

Judgment reversed and cause remanded.